**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**
**TRENTON VICINAGE**

| | |
|---|---|
| Remon G. Awad,<br><br>　　　　Plaintiff,<br><br>　　　　　　v.<br><br>TD Bank,<br><br>　　　　Defendant. | No. _____ |

**NOTICE OF REMOVAL**

**TO THE CLERK OF THE ABOVE-TITLED COURT:**

PLEASE TAKE NOTICE THAT, for the reasons stated below, Defendant TD Bank ("TD Bank") hereby removes the above-captioned action from the Superior Court of New Jersey, Law Division, Middlesex County, to the United States District Court for the District of New Jersey, Newark Vicinage. As grounds for removal, TD Bank states as follows:

**I.    BACKGROUND**

1.    On August 14, 2025, Plaintiff Remon G. Awad, filed this action, captioned *Remon G. Awad v. TD Bank*, No. MID-L-005931-25 (the "Action"), in the Superior Court of New Jersey, Law Division, Middlesex County. A true and correct copy of the Complaint is attached hereto as Exhibit A.

2.    Plaintiff's Complaint asserts claims of discrimination. *See* Compl. ¶ 1, pgs. 7-10.

3.    Plaintiff is a former employee of TD Bank who resides at 237 Possum Hollow Road, Monroe, NJ 08831. Therefore, Plaintiff is a citizen of the State of New Jersey.

4.      TD Bank was and is a citizen of the State of Delaware because TD Bank is a national banking association with its main office in Delaware, as designated in its articles of association. *Wachovia Bank v. Schmidt*, 546 U.S. 303, 313, 318 (2006) (For diversity purposes, a national bank's citizenship is "in the State designated in its articles of association as its main office."). Attached hereto as Exhibit B is an excerpt from the Office of the Comptroller of the Currency, List of Active Institutions, indicating TD Bank's Delaware main office location, and available at [Financial Institution Search | OCC](#).

5.      Plaintiff has alleged that he seeks "maximum compensation based on all negative effect[s]," *see* Compl., pg. 10, which would include damages for back pay, front pay, and emotional distress. Plaintiff further alleges that he has been unable to pay his mortgage for six (6) months, there was a six (6) week delay in his receipt of unemployment benefits due to TD Bank's alleged negative report to the unemployment office, and he was denied a promotion to the assistant manager position based on TD Bank's alleged actions and must now find a new banking position. *Id.* Accordingly, without conceding the validity of Plaintiff's claims, and solely for purposes of estimating the amount in controversy based upon the allegations set forth by Plaintiff, TD Bank asserts in good faith that the amount in controversy exceeds $75,000.00.

6.      Defendant received a copy of the Summons and Complaint in this Action on January 29, 2026. A copy of the Summons and Complaint is attached hereto as Exhibit C. TD Bank's time to respond to the Summons and Complaint has not expired, and TD Bank has not served or filed an answer in State court.

7.      This notice of removal is timely filed under 28 U.S.C. § 1446(b) because it is filed within 30 days of January 29, 2026, the date on which TD Bank received a copy of the Complaint

and Summons.  No previous notice of removal has been filed with this Court for the relief sought herein.

8.      This Action is removable to this Court because Middlesex County is located within the District of New Jersey.  *See* 28 U.S.C. § 1441(a).

## II.    BASIS FOR REMOVAL

9.      This Action is removable pursuant to 28 U.S.C. § 1332.  This Court has original jurisdiction over this matter in that there is complete diversity of citizenship and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

10.     The pending action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1332 and is one which may be removed to this Court by TD Bank pursuant to 28 U.S.C. §1441, particularly, section 1441(b).

11.     This Court possesses supplemental jurisdiction over Plaintiff's state law claims and any counterclaims pursuant to 28 U.S.C. §1367.

## III.   OTHER PROCEDURAL MATTERS

12.     Pursuant to 28 U.S.C. § 1446(d), written notice of this Notice of Removal will be promptly served on Plaintiff.

13.      Upon the filing of this Notice of Removal, TD Bank will promptly file a Notification of Filing of Notice of Removal with the Clerk of the Superior Court of New Jersey, Law Division, Middlesex County, in accordance with 28 U.S.C. § 1446(d).

14.     By filing this Notice of Removal, TD Bank does not waive any defenses that may be available to it, including without limitation any defenses relating to service, process, and jurisdiction, and does not concede that the allegations in the Complaint state a valid claim under any applicable law.

15.    TD Bank reserves the right to submit additional factual support, evidence, and affidavits to support the basis for diversity jurisdiction as necessary at the appropriate time.

WHEREFORE, for the reasons stated above, TD Bank submits this Notice of Removal.

Dated:    February 27, 2026

*s/Susan M. Leming*
Susan M. Leming

**BROWN & CONNERY, LLP**
360 Haddon Avenue
Westmont, NJ 08108
(856) 854-8900 (phone)
(856) 858-4967 (fax)
sleming@brownconnery.com

*Counsel for TD Bank*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 27th day of February 2026 the foregoing was electronically filed today with the United States District Court for the District of New Jersey using the Court's CM/ECF system.  Additionally, I served *pro se* Plaintiff in this action via electronic filing and via First Class U.S. Mail as follows:

Remon G. Awad
237 Possum Hollow Road
Monroe NJ, 08831

*Pro Se Plaintiff*

<u>*s/Susan M. Leming*</u>
 Susan M. Leming