**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| REMON G. AWAD,<br><br>Plaintiff,<br><br>v.<br><br>TD BANK,<br><br>Defendant. | Civil Action No. 26-2077 (RK) (RLS)<br><br>**MEMORANDUM OPINION AND ORDER** |

**SINGH, United States Magistrate Judge.**

**THIS MATTER** comes before the Court upon a Motion by Plaintiff Remon G. Awad ("Plaintiff"), proceeding *pro se*, to assert a jury demand on his claims against Defendant TD Bank ("Defendant") (the "Motion"). (Doc. No. 13). Defendant opposes the Motion, (Doc. No. 17), to which Plaintiff has replied, (Doc. No. 18). The Court has fully considered the parties' written submissions and decides the Motion without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1(b). For the reasons set forth below and good cause shown, the Court **GRANTS** Plaintiff's Motion.

## I. BACKGROUND AND PROCEDURAL HISTORY

On August 14, 2025, Plaintiff filed this action in the Superior Court of New Jersey, Middlesex County against Defendant, his former employer. (*See* Doc. No. 1-1,

Ex. A at ECF p. 2). Plaintiff alleges that Defendant discriminated against him by terminating him based on his race. Plaintiff claims that, while Defendant asserted that it terminated Plaintiff due to a mistake he made, Defendant did not terminate similarly situated colleagues who made the same mistake. (*See* Doc. No. 1-1, Ex. A at ECF pp. 8-10).

Relevant here, in his Complaint, Plaintiff did not demand a trial by jury. (*See* Doc. No. 1-1 at ECF p. 3). In the form Complaint from the New Jersey Superior Court, Plaintiff signed the Complaint and a certification that the issues in dispute were not subject to other pending litigation. (*See* Doc. No. 1-1 at ECF p. 3). Just underneath the signed certification, the form states:

> **OPTIONAL: If you would like to have a judge decide your case, do not include the following paragraph in your complaint. If you would prefer to have a jury to decide your case, please sign your name after the following paragraph.**
>
> **JURY DEMAND**
>
> The plaintiff demands trial by a jury on all of the triable issues of this complaint, pursuant to New Jersey Court *Rules* 1:8-2(b) and 4:35-1(a).
>
> ______________ ____________________
>
> Dated Signature

(Doc. No. 1-1 at ECF p. 3). Plaintiff did not sign the jury demand. (*See* Doc. No. 1-1 at ECF p. 3). In addition, in the New Jersey Civil Case Information Statement (the "NJCIS"), Plaintiff selected the option of "No" in the box labeled "Jury Demand." (Doc. No. 1-1 at ECF p. 4).

On February 27, 2026, Defendant removed this matter to this Court. (*See* Doc. No. 1 at ¶ 9). In the Civil Cover Sheet filed with the Notice of Removal, Defendant selected "No" in the box questioning if the Complaint included a jury demand. (Doc. No. 1-2). Thereafter, Defendant sought extensions of time to respond to the Complaint, which were granted. (*See, e.g.*, Doc. No. 5).

Prior to Defendant's filing of an answer or response to the Complaint, on March 20, 2026, Plaintiff filed a purported notice demanding a jury trial on all issues pursuant to Rule 38 of the Federal Rules of Civil Procedure. (Doc. No. 11). Shortly thereafter, Defendant filed a letter seeking guidance on how best to raise its objections to Plaintiff's informal request to invoke the right to a jury trial. (Doc. No. 12). Defendant argued that Plaintiff waived his right to a jury trial because his Complaint affirmatively declined that option and did not timely serve a jury demand within fourteen days of the filing of the Notice of Removal pursuant to Rule 81(c)(3)(B) of the Federal Rules of Civil Procedure. (Doc. No. 12). A couple of hours after Defendant's filing of the letter, Plaintiff filed the instant formal Motion for a Jury Trial pursuant to Federal Rule of Civil Procedure 39. (Doc. No. 13). On April 2, 2026, Defendant filed its Answer to the Complaint. (Doc. No. 14).

Through the Motion, Plaintiff asks the Court to exercise its discretion to permit his claims to proceed to a jury trial. (*See* Doc. No. 13). He contends that his failure to assert a jury demand in his Complaint was due to inadvertence attributed in part to his *pro se* status. (Doc. No. 13 at ¶¶ 3, 7). Plaintiff further argues that Defendant would

not be unduly prejudiced because he asserted his jury demand at the early stages of this case, before discovery, Defendant's Answer, or any scheduling order. (Doc. No. 13 at ECF ¶ 6).

Defendant opposes the Motion, arguing that Plaintiff waived his right to a jury trial by failing to timely request one and expressly checking "no" on the NJCIS. (Doc. No. 17 at p. 4). Defendant also argues that Plaintiff allowed the case to remain in state court for six months without demanding a jury trial and missed the fourteen-day deadline following removal to this Court, thereby waiving and time-barring the request. (*See* Doc. No. 17 at p. 4). In addition, Defendant seeks the Court to decline to exercise its discretion under Rule 39(b) of the Federal Rules of Civil Procedure to permit Plaintiff to serve out of time a jury demand because such relief would disrupt the case schedule, increase time and expenses for trial preparation, prejudice Defendant's litigation strategy, and undermine procedural certainty. (*See* Doc. No. 17 at p. 6). Defendant adds that inadvertence and Plaintiff's *pro se* status do not excuse noncompliance with procedural rules. (*See* Doc. No. 17 at pp. 7-8). Defendant further contends that Plaintiff does not satisfy the factors considered to permit an untimely jury demand and counters Plaintiff's reliance on certain case law. (*See* Doc. No. 17 at pp. 6-9 (citing *U.S. S.E.C. v. Infinity Grp. Co.*, 212 F.3d 180, 195-96 (3d Cir. 2000))).

In reply, Plaintiff argues that he did not knowingly, voluntarily, or intentionally waive his right to a jury trial. (Doc. No. 18). He states that he did not select the option for a jury demand in the Complaint due to "a simple pro se filing error on a form that

labels the jury-demand paragraph as optional." (Doc. No. 18 at p. 1). Plaintiff reiterates the early stages of the litigation when he sought to assert a jury demand and contends that Defendant did not identify any concrete harm that would result from granting the Motion. (*See* Doc. No. 18 at p. 2). Finally, Plaintiff asserts that Federal Rule of Civil Procedure 39(b) aims to prevent harsh results arising from missed technical deadlines and the relevant factors weigh in favor of granting the Motion. (*See* Doc. No. 18 at p. 3).

## II. LEGAL STANDARD

The Seventh Amendment of the United States Constitution guarantees the preservation of the right to trial by jury. U.S. Const., VII Am. "The right to trial by jury is 'of such importance and occupies so firm a place in our history and jurisprudence that any seeming curtailment of the right' has always been and 'should be scrutinized with the utmost care.'" *Sec. & Exch. Comm'n v. Jarkesy*, 603 U.S. 109, 121 (2024) (quoting *Dimick v. Schiedt*, 293 U.S. 474, 486 (1935)).

Federal Rule of Civil Procedure 38 preserves the right to a jury trial "to the parties inviolate." Fed. R. Civ. P. 38(a). A party may demand a jury trial by "serving the other parties with a written demand . . . no later than 14 days after the last pleading directed to the issue is served" and by filing it in accordance with Federal Rule of Civil Procedure 5(d). Fed. R. Civ. P. 38(b)(1)-(2).

Federal Rule of Civil Procedure 81(c)(3) addresses jury demands on certain matters removed to a district court. Fed. R. Civ. P. 81(c)(3). If a party demanded a jury

trial consistent with state law before removal, he "need not renew the demand after removal." Fed. R. Civ. P. 81(c)(3)(A). However, if applicable state law did not require an express demand, "a party need not make one after removal unless the court orders the parties to do so within a specified time" upon a party's request or on its own. *Id.* In addition, once a matter is removed to a District Court, and "[i]f all necessary pleadings have been served at the time of removal, a party entitled to a jury trial under Rule 38 must be given one if the party serves a demand within 14 days after" either that party's filing of a notice of removal or that party was served with a notice of removal. Fed. R. Civ. P. 81(c)(3)(B).

"A party waives a jury trial unless its demand is properly served and filed." Fed. R. Civ. P. 38(d); *accord* Fed. R. Civ. P. 39(b) (if a party does not properly demand a jury trial, the trial proceeds before the court). Nevertheless, on motion, the Court may "order a jury trial on any issue for which a jury might have been demanded." Fed. R. Civ. P. 39(b). Courts exercise discretion to permit untimely jury demands, pursuant to Rule 39(b) of the Federal Rules of Civil Procedure. *See Travelodge Hotels, Inc. v. Huber Hotels, LLC*, No. 19-20571, 2023 WL 6284896, at *2 (D.N.J. Sept. 27, 2023) (citing *Todd v. Blake*, No. 17-0012, 2022 WL 17719698, at *7 (D.V.I. Dec. 15, 2022)). In exercising that discretion, the Court considers certain factors:

> 1) whether the issues are suitable for a jury; 2) whether granting the motion would disrupt the schedule of the Court or the adverse party; 3) whether any prejudice would result to the adverse party; 4) how long the party delayed in

> bringing the motion; and 5) the reasons for the failure to file a timely demand.

*Infinity Grp.*, 212 F.3d at 195-96 (quoting *Fort Wash. Res., Inc. v. Tannen*, 852 F. Supp. 341, 342 (E.D. Pa. 1994)).

## III. DISCUSSION

Because this is a removed action, Rule 81(c)(3) of the Federal Rules of Civil Procedure starts the analysis.

Here, Defendant argues that Plaintiff failed to timely assert his demand for a jury trial because his original notice was more than 14 days after the filing of the Notice of Removal, based upon application of Rule 81(c)(3)(B) of the Federal Rules of Civil Procedure. (*See* Doc. No. 17 at p. 3). However, Federal Rule of Civil Procedure 81(c)(3)(B) imposes the 14-day deadline only "***[i]f all necessary pleadings have been served at the time of removal***[.]" Fed. R. Civ. P. 81(c)(3)(B) (emphasis added). Courts have interpreted this subsection to apply where both the plaintiff's complaint and the defendant's answer were filed in state court upon removal. *See, e.g., Montone v. Progressive Direct Ins. Co.*, No. 12-7211, 2013 WL 12146530, at *1 (E.D. Pa. July 25, 2013) (finding Rule 81(c)(3)(B) inapplicable because defendant filed its answer after removal); *see also Greystone Condo. at Blackhawk Owners Assoc., Inc. v. AmGUARD Ins. Co.*, No. 19-768, 2020 WL 4282226, at *1 n.1 (W.D. Wis. July 27, 2020) (noting that Rule 81(c)(3)(B) did not apply where the defendant had not filed its answer until after removal); *Mahalxmi Hosp., LLC v. Steadfast Ins. Co.*, No. 19-591, 2020 WL 1663315, at *1 (N.D. Okla. Apr. 3, 2020)

(finding whether the plaintiff filed its jury demand within 14 days of being served with a notice of removal was irrelevant because Rule 81(c)(3)(B) did not apply where the defendants had not filed answers in state court before removal); *cf. Winding v. AllState Ins. Co.*, No. 09-3526, 2010 WL 1980154, at *1 (E.D. Cal. May 13, 2010) (applying Rule 81(c)(3)(B) to find a plaintiff failed to timely serve a jury demand where both the complaint and answer had been filed at the time of removal). Here, Defendant did not file its Answer until after removal; therefore, Federal Rule of Civil Procedure 81(c)(3)(B) is inapplicable.

In addition, pursuant to subsection (A) of Federal Rule of Civil Procedure 81(c)(3), a party need not assert an affirmative demand for a jury trial after removal if state law did not require an express demand. Fed. R. Civ. P. 81(c)(3)(A). Here, Plaintiff claims that Defendant terminated his employment based on race. New Jersey law grants the right to a jury trial over claims arising under the New Jersey Law Against Discrimination, N.J.S.A. §§ 10:5-1 *et seq.*, to a jury. N.J.S.A. § 10:5-13a(2)(a). To invoke that right, Plaintiff must make a demand for a jury trial. Pursuant to New Jersey Rules of Court, a "party may demand a trial by jury of any issue triable of right by a jury by serving upon the other parties a demand therefor in writing not later than 10 days after the service of the last pleading directed to such issue." N.J. Ct. R. 4:35-1(a). Failure to do so "constitutes a waiver of trial by jury." N.J. Ct. R. 4:35-1(c). While New Jersey law required Plaintiff to make an express demand for a jury trial, his time to do so had

not yet lapsed prior to removal because Defendant had not yet served its answer, which would be "the last pleading directed to such an issue." N.J. Ct. R. 4:35-1(a).

The Court thus considers whether Plaintiff timely sought to assert his jury demand pursuant to Federal Rule of Civil Procedure 38. As discussed above, Rule 38(b) requires Plaintiff to demand a jury trial by "serving the other parties with a written demand . . . no later than 14 days after the last pleading directed to the issue is served" and by filing it in accordance with Federal Rule of Civil Procedure 5(d). Fed. R. Civ. P. 38(b)(1)-(2). Again, "the last pleading directed to such issue" is Defendant's Answer. *See, e.g.*, *CIT Comm'cns Fin. Corp. v. New York Boardup & Emergency Serv. Corp.*, No. 01-5368, 2005 WL 8175853, at *1 (D.N.J. July 11, 2005) ("The 'last pleading' referred to by Rule 38 is generally the last answer filed in a case." (citation omitted)); *accord JJD Elec., LLC v. SunPower Corp., Sys.*, No. 22-1275, 2023 WL 5665585, at *6 (D.N.J. Sept. 1, 2023) (finding that plaintiff could add a jury demand where no answer had yet been filed); *Cardio-Med. Assocs., Ltd. v. Crozer-Chester Med. Ctr.*, 95 F.R.D. 194, 196 (E.D. Pa. 1982) ("Under rule 38, in a case in which the only pleadings are the complaint and answer, any demand for jury trial must be served not later than ten days after service of the answer." (referring to prior version of Rule 38 which imposed a ten-day deadline triggered by "the service of the last pleading directed to such issue")).

As a result, Rule 38 requires Plaintiff to have served a written demand for a jury trial within 14 days of service of Defendant's Answer. Defendant filed its Answer on April 2, 2026 ***after*** Plaintiff served and filed a written demand for a trial by jury on

March 20, 2026. (*See* Doc. Nos. 11, 14). Plaintiff's assertion of a jury demand was therefore timely and not waived. Accordingly, the Court declines to address the parties' arguments raised under Rule 39 of the Federal Rules of Civil Procedure as inapplicable.[1]

## IV. CONCLUSION

For the reasons set forth above and for good cause shown,

**IT IS, THEREFORE,** on this **23d** day of **October 2026** hereby

**ORDERED** that Plaintiff's Motion for a jury trial is **GRANTED**; and it is further

**ORDERED** that the Clerk of the Court shall **TERMINATE** the Motion pending at Docket Entry Number 13.

**SO ORDERED.**

**RUKHSANAH L. SINGH**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] Defendant asserts that Plaintiff cites a case that could not be located through various search platforms: *Raymond v. Camden Cnty. Bd. of Comm'rs*, No. 13-7570, 2015 WL 3615507, at *2-3 (D.N.J. June 9, 2015). (Doc. No. 17 at p. 9 n.1). The Court similarly could not locate the case. The Court reminds Plaintiff of his obligations pursuant to Rule 11 of the Federal Rules of Civil Procedure to, after a reasonable inquiry, ensure that factual and legal representations to the Court are accurate and warranted. *See* Fed. R. Civ. P. 11(b); *Berk v. Choy*, 607 U.S. 187, 198 (2026).